IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SU KEN JOUNG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )   1:15cv973 (JCC/IDD) |
| | ) |
| ORAL PROSTHETICS LABORATORY, | ) |
| LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff's Motion for Attorney's Fees [Dkt. 16]. For the reasons that follow, the Court will grant Plaintiff's Motion in part and deny it in part, awarding Plaintiff $23,875.36 in attorney's fees and $733.36 in litigation costs.

### I. Background

Plaintiff formerly worked as a technician for Defendants making oral prosthetic devices. On July 3, 2015, Plaintiff notified Defendants through counsel that he believed he had a claim for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (FLSA). He offered to settle his claim for $19,790.00, but received no response.

On July 30, 2015, Plaintiff brought suit against Defendants under the FLSA, alleging that Defendants failed to

pay him overtime wages at a rate not less than one and a half times his normal pay. The case progressed through limited discovery before settlement negotiations resumed. The parties settled the case on February 10, 2016 for $10,000 plus reasonable attorney's fees to be agreed upon or submitted to the Court in the absence of an agreement.

Plaintiff now moves for an award of fees totaling $31,372.06, representing 70.499 hours of work at a rate of $445 an hour, as well as litigation costs in the amount of $733.36.

## II. Legal Standard

The FLSA provides that courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The parties' settlement agreement expressly allows for recovery of fees and costs pursuant to this provision in an amount to be determined by the Court unless otherwise agreed by the parties. *See* Joint Mot. for Approval of Settlement Exh. 1 [Dkt. 13-1] at 2-3.

In evaluating a fee petition, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In conjunction with this calculation, courts evaluate:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). Generally, "[t]he Court need not address all twelve *Kimbrell's* factors independently" as they are "subsumed" into the initial evaluation of what constitutes a reasonable rate and number of hours expended. *Wells Fargo Bank, Nat. Ass'n v. Walls*, No. 1:12-CV-664 LMB/IDD, 2013 WL 869902, at *2 (E.D. Va. Mar. 4, 2013), *aff'd* 543 F. App'x 350 (4th Cir. 2013).

### III. Analysis

**A. Time and Labor Required**

The Court begins by assessing the reasonableness of the number of hours Plaintiff's counsel — Matthew B. Kaplan — expended on this litigation. Counsel's billing records show that he spent a total of 70.499 hours on this case. *See Rep.* Exh. 2 [Dkt. 21-1] at 12.

3

As an initial matter, the Court notes that tasks related to recovering attorney's fees account for much of that time. Roughly 27 hours — or nearly 40% of the hours billed in this case — were expended in pursuit of attorney's fees. Indeed, Plaintiff's counsel spent over 16 hours on his reply brief alone — a filing that largely reflects information apparent from his previous submissions. *See Rep*. [Dkt. 21] at 9-17.

While time spent preparing a fee petition is compensable, courts have expressed concern when it becomes disproportionate relative to time spent litigating the case's merits. For example, in *Ustrak v. Fairman*, 851 F.2d 983, 987-88 (7th Cir. 1988), the Seventh Circuit reduced by two thirds the amount awarded for time spent on a fee petition where "[f]or every hour spent litigating the merits the plaintiff's attorneys devoted almost 15 minutes to preparing a petition requesting fees for that hour."

Likewise here, for every hour spent on the merits of this case, Plaintiff's counsel spent over 20 minutes preparing a fee petition. While this is in part due to Defendants' opposition to the present Motion, the response of Plaintiff's counsel — spending more than 16 hours on a reply — was disproportionate. Accordingly, the Court will reduce the award

4

for hours spent on fee-related matters by roughly two thirds, reducing the total number of compensable hours to 54.5.

The Court is not able to say that the time Plaintiff's counsel billed was otherwise unreasonable. While Defendants fault Plaintiff's counsel for not working quickly enough at a variety of tasks, *see* Opp. [Dkt. 19] at 6-9, a review of Plaintiff's billing records indicates that Plaintiff's counsel worked with reasonable diligence and speed.

Defendants argue further that Plaintiff's attorney's fees should be reduced in light of the degree of recovery. In support of this contention, Defendants point out that while Plaintiff initially demanded $19,790.00, the case ultimately settled for $10,000.00.

The Court finds that this recovery does not merit reducing Plaintiff's attorney's fees. Plaintiff brought a single claim against Defendants alleging that he was owed $8,957.50 in overtime wages under the FLSA. Assuming Plaintiff was able to prove every hour he worked, demonstrate that Defendants acted in bad faith, overcome any other defenses, and collect the judgment, Plaintiff could have recovered at most $17,915.00 after dedicating substantial time and energy to litigation. The Court cannot fault Plaintiff for handicapping his risk and avoiding the burdens of litigation. *See, e.g.*, *Quintanilla v. A & R Demolition Inc.*, No. CIV.A. H-04-1965, 2008

5

WL 9410399, at *5 (S.D. Tex. May 7, 2008) (noting that in assessing a settlement's reasonableness courts may account for the risks and costs of litigation). Indeed, it appears that in recovering what Plaintiff was owed and avoiding the stress of continued litigation, Plaintiff's counsel achieved precisely the result his client desired. *See* Rep. [Dkt. 20] at 4.

In light of the above, the Court finds that Plaintiff's counsel is entitled to remuneration for 54.5 hours of services rendered.

### B. Plaintiff's Counsel's Hourly Rate

Plaintiff's counsel claims an hourly rate of $445.00. In support of the reasonableness of this rate, Plaintiff's counsel submits that he has practiced law for approximately 13 years and previously worked with two major national law firms before starting his solo practice. The Court notes as well that he has substantial experience litigating FLSA claims.

The proposed billing rate is lower than common guidelines suggest. Under the *Laffey* matrix — which "is used as a guideline for reasonable attorneys' fees" in the Washington, DC metro area, *Galvez v. Am. Servs. Corp.*, No. 1:11cv1351 (JCC/TCB), 2012 WL 2522814, at *5 n.6 (E.D. Va. June 29, 2012) — an attorney with Plaintiff's experience could reasonably bill as much as $520-770 per hour. *See Taylor v. Republic Servs., Inc.*, No. 1:12-CV-00523-GBL, 2014 WL 325169, at *5 (E.D. Va. Jan. 29,

2014).[1] The Declaration of J. Thomas Spiggle [Dkt. 17-2], submitted with Plaintiff's Motion, further supports a finding that the proposed billing rate is reasonable. Moreover, as Plaintiff's counsel points out, *see* Notice [Dkt. 21], this Court has recently found his proposed hourly rate of $445.00 reasonable in another FLSA case. *See* Order [Dkt. 34], *Mendoza et al. v. Uriona Cabrera et al.*, 1:15-cv-00142-AJT-IDD (E.D. Va. June 24, 2016).

Defendants' arguments to the contrary are unpersuasive. In support of the claim that Plaintiff's counsel's billing rate should be capped at $325.00 per hour, Defendants submit the Declaration of Ilryong Moon [Dkt. 19-4]. Mr. Moon, however, is Defendant's counsel's law partner. His financial interest in this case diminishes the probative value of his opinion. *Cf. Grissom v. The Mills Corp.*, 549 F.3d 313, 322 (4th Cir. 2008) (suggesting that affidavits from associated counsel are entitled to less weight than affidavits from "attorneys outside the firm" in evaluating the reasonableness of proposed billing rates).

---

[1] Defendants argue that the *Laffey* matrix should not be used to determine the reasonableness of hourly rates in FLSA cases because FLSA litigation is not sufficiently "complex." The Court disagrees. *See, e.g.*, *Galvez*, No. 1:11CV1351 JCC/TCB, 2012 WL 2522814, at *5 (referring to the *Laffey* matrix in assessing the reasonableness of attorney's fees in an FLSA case); Order [Dkt. 37], *Ramirez-Ramos et al. v. Donna*, 1:09-cv-00541-GBL-TRJ (E.D. Va. Mar. 22, 2010) (same).

Moreover, while Defendants point out that Plaintiff's counsel proposed a billing rate of $300.00 per hour in another case several years ago, Plaintiff's counsel explains that his decision to do so resulted from the unique circumstances of that litigation. He has since requested and received higher billing rates from this Court.

Finally, the Court will not, as Defendants request, disregard the Declaration of J. Thomas Spiggle. While Mr. Spiggle does not regularly bring FLSA cases, the Court finds his relatively extensive experience with plaintiff-side civil rights matters sufficient to render him a credible source with respect to Plaintiff's counsel's billing rate.

Accordingly, in light of Plaintiff's experience, the prevailing billing rates in this district, and the specific circumstances of this case, the Court finds the proposed rate of $445.00 per hour to be reasonable — with one minor exception. It appears that Plaintiff's counsel billed at his full rate for 1.13 hours of travel to and from the Court in connection with the initial pretrial conference. *See* Declaration of Matthew B. Kaplan [Dkt. 17-1] at 9. This Court has stated that it is inappropriate for attorneys to bill for travel at their full hourly rate. *See Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 716 (E.D. Va. 2012). Accordingly, the Court

will award fees for this time spent on travel at a rate reduced by 75%, or $111.25 per hour.

### C. Litigation Costs

In addition to attorney's fees, Plaintiff seeks to recover $733.36 in litigation expenses, including court fees, postage, and legal research costs.

Defendants contend that Plaintiff is not entitled to recover the litigation expenses he seeks under Federal Rule of Civil Procedure 54 or Local Civil Rule 54. Plaintiff, however, does not rely upon those rules in seeking costs. Rather, Plaintiff seeks costs under the fee shifting provisions of the FLSA.

"[T]he Fourth Circuit has held that district courts have discretion to determine the costs that will be assessed against losing defendants in FLSA cases." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 644 (D. Md. 2012). This Court and others have permitted plaintiffs to recover precisely the sorts of costs Plaintiff seeks here. *See, e.g.*, Order [Dkt. 34], *Mendoza et al. v. Uriona Cabrera et al.*, 1:15-cv-00142-AJT-IDD (E.D. Va. June 24, 2016); *Alvarez v. ReadyClean Indus. Servs., Inc.*, No. 1:14-CV-00490-GBL, 2015 WL 5793605, at *4 (E.D. Va. Sept. 29, 2015); *Hargrove v. Ryla Teleservices, Inc.*, No. 2:11-cv-344, 2013 WL 1897027, at *7 (E.D. Va. Apr. 12, 2013), *report and recommendation adopted*, No. 2:11-cv-344, 2013 WL 1897110

9

(E.D. Va. May 3, 2013); *Andrade*, 852 F. Supp. 2d at 644. Accordingly, the Court finds that Plaintiff's claimed costs are reasonable.

## IV. Conclusion

For the reasons stated above, Plaintiff shall be awarded $23,875.36 in attorney's fees, comprising remuneration for 53.37 hours of work at a rate of $445.00 per hour ($23,749.65) and 1.13 hours of travel at a rate of $111.25 per hour ($125.71).  Plaintiff shall further be awarded $733.36 in litigation costs.  An appropriate order shall issue.

|  | /s/ |
|---|---|
| October 11, 2016 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |